Warulaw, J.
delivered the opinion of the Court.
One of several specifications in a suggestion filed by one Thomas Pender against the petition of Berry M. Cave, to be admitted to the benefit of the insolvent debtor’s Act, set out that the slave, Mary, and other property of B. M. Cave, had, at the coroner’s sale, been, at the request of Cave, purchased by Harley, for the benefit of Cave, upon secret trust for him, and with a design to defraud his creditors. To this suggestion Cave had not pleaded, although the time limited by the rule to plead had expired, and the suggestion had stood several terms untried, and still stood so on the inquiry docket.— Was this specification evidence in this case? Jf the truth of the specification had been ascertained, and judgment been rendered thereon, that judgment would have been- evidence that B. M. Cave was not entitled to the benefit of the insolvent debtor’s Act. Whether, inter alios, the judgment would have served to establish the truth of the matters alleged in the suggestion, and whether this would be considered a case inter alios, we need not inquire. There was no judgment, only a default to plead. Whatever disadvantage that default may subject B. M. Cave to, on the trial of the suggestion, he must endure. But before trial there is no legal conclusion deducible from the default, which would authorize us to regard the specification as an admission of Cave’s, which might, in another case, be offered against him, and much less -against Harley or the coroner.
The coroner, in his sales, should pursue strictly the directions of the Act which regulates sheriffs’ sales. (Acts of 1839, Sh’ff, sec. 48.) To some extent, no doubt, a departure from those directions, complained of by a party having the right to complain, would affect the validity of a sale. But an irregularity which the plaintiff and defendant in execution, and the officer, have all assented to, cannot work the dissolution of a contract made by a third person, who has been' in no wise affected by the irregularity. As a sale made, by consent, on credit, is still a sheriff’s sale, (11 Stat. 18:) so is a sale advertised, by consent, for a wrong day. Even admitting, (which is not decided,) that a sale cannot be regularly advertised for Tuesday, without consent, here Harley and Cave assented to the advertisement of the coroner, and this defendant, Kirkland, has deceived no injury from that act.— To it he was no party.. .Its effect, if any, upon the sale, to' which he was a party, could not have been in any way disadvantageous to him. The re-sale, to which he was a party, was, in itself, regular, and resulted as a consequence from the nontract to which he acceded, when, under the -terms ,pre *32 scribed by the Act before cited, he became a purchaser at the sale. The coroner may re-sell on the day of the first sale, or on the next sale day. Here he pursued the former course. All seems to have been done in fairness. The defendant, who, by his bid, prevented another bid of $ 180 from obtaining the negro at the first sale, must abide the consequences of his foolish interference; for there was no evidence of his having been in a situation which would have rendered him unable to contract.
The motion is dismissed.
Richardson, J. O’Neall, J. Evans, J. Frost, J. and Withers, J. concurred.

Motion dismissed.